**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **United States of America,** | : | **Action No. 3: 09-CR-005** |
| **v.** | : | |
| | | **(JUDGE MANNION)** |
| **Lawrence Colon,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

Presently before the court is the defendant's motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Doc. No. 91). The charges in this matter stem, in part, from a search warrant executed at the residence of the defendant Lawrence Colon and co-defendant Kelly Jean Hefferon by members of the Pennsylvania State Police and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), a search which resulted in the seizure of numerous items of evidence.

On January 13, 2009, a federal grand jury returned a four-count indictment against the defendant and Hefferon. The defendant's indictment included a forfeiture count (Count IV), which sought the forfeiture of three firearms allegedly used in the commission of his offenses. (Doc. No. 95 at 2). The defendant entered into a binding plea agreement with federal prosecutors and, pursuant to that agreement, the defendant pleaded guilty to the charge of being a convicted felon in possession of a firearm and was sentenced to sixty months in prison to be followed by three years of supervised release. (Doc. No. 95, at 2). In addition, the defendant and

Hefferon also agreed to forfeit all interest in the firearms listed in Count IV of the indictment. (Doc. No. 95, at 2).

On November 26, 2012, the defendant filed the present motion seeking the return of property that was seized during the execution of the search warrant. These items include:

> 6 entry vest tactical, 2 computer modems HP-ZT, photos, 4 radios with charger, 1 black gloves leather, 10 personal photos, 4 flash drives, HP laptop computer, 3 shoulder holsters, numerous business cards, 5 photos, magazines, 1 book of firearms laws, 1 special forces pin on vest, misc paper work, and all other personal item [sic] that belong to Mr. Lawrence Colon and Kelly Hefferon, are to b [sic] returned to the address below. (Doc. No. 91.)

On December 12, 2012, the government filed a brief in opposition to the motion, enumerating all of the items that were previously returned to the defendant as well as his plea agreement and its destruction provision. (Doc. No. 95). On January 14, 2013, the defendant filed a motion to vacate in which he sought to dismiss the charge of convicted felon in possession of a firearm. (Doc. No. 96). On March 28, 2013, this court dismissed the defendant's motion to vacate because he did not present his motion on the required standard form. (Doc. No. 99). The defendant was given the proper form and additional time to file his motion to vacate. Despite the extension of time, the defendant did not return the form. When given an additional chance to return his form, the defendant failed to comply for a second time. (Doc. No. 99). His motion was therefore dismissed by this court. (Doc. No.

99). However, the defendant's original motion for return of property is currently pending. All items that the defendant seeks have either been returned, forfeited, or destroyed. As a result, the motion will be denied.

The defendant seeks the return of property pursuant to Rule 41 (g) of the Federal Rules of Civil Procedure. Rule 41 (g) states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings. Fed. R. Cr. P. 41 (g).

When a motion for return of property is made while a criminal prosecution is pending, the burden is on the moving party to show why he is entitled to the property. United States v. Davies, No. 08–253, 2010 WL 3024844, at *6 (M.D.Pa. July 29, 2010) (citing United States v. Chambers, 192 F.3d 374, 377 (3d Cir.1999)). When the criminal proceedings have concluded, however, the burden of proof shifts to the government to show that the property should not be returned. Chambers, 192 F.3d at 377. At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property. Id. at 377. Regardless of who has the burden, a Rule 41(g) motion will generally be denied if the defendant is not entitled to lawful possession of the seized property, the property is

3

contraband, or the government's need for the property as evidence continues. Davies, 2010 WL 3024844, at *6. (citing Chambers, 192 F.3d at 377).

If, as here, the government contends that it simply is not in possession of plaintiff's requested items, "the district court must determine, in fact, whether the government retains possession of the property." Chambers, 192 F.3d at 378. If not, the court must determine what happened to it, and if there is a "disputed issue of fact necessary to the resolution of the motion," the court must hold an evidentiary hearing. Id. Of course, the court need not hold a hearing on every issue of disputed fact, only those "necessary to dispose of the motion." U.S. v. Albinson, 356 F.3d 278, 281 (3d Cir. 2004). If the government argues that it does not have the property, "[it] must do more than state , without documentary support, that it no longer possesses the property at issue." Id. Nonetheless, the Third Circuit has stated that courts have significant discretion in resolving disputes over property seized by government officials:

> We note at the outset that a district court need not necessarily conduct an evidentiary hearing on every Rule 41(g) motion. The rule only directs a district court to receive evidence on any factual issue necessary to decide the motion. Likewise, *Chambers* does not mandate the method by which a district court must determine, in fact, whether the government retains possession of the property, so long as this determination rests on a firmer basis than the government's unsubstantiated assertions that it no longer possesses the property at issue. For example, affidavits or documentary evidence, such as chain of custody records, may

be sufficient to support a fact finder's determination. U.S. v. Albinson, 356 F.3d 278, 281-82 (3d Cir. 2004).

The court will now consider each of Colon's property requests, but the court must first address a preliminary matter. Plaintiff improperly characterizes his motion as a "Motion for the Return of Property," (Doc. No. 91), because once criminal proceedings have been terminated, a motion under Rule 41(g) is referred to as a civil proceeding for equitable relief. U.S. v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). ("A District Court has jurisdiction to entertain a motion for return of property made after the termination of criminal proceedings against the defendant; such an action is treated as a civil proceeding for equitable relief."). Therefore, the court will construe defendant's motion as a civil proceeding for equitable relief instead of a motion for the return of property. Furthermore, Colon improperly states that his request is made pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. In 2002, Rule 41(e) was changed to Rule 41(g) as part of the "restyling of the Criminal Rules." Albinson, 356 F.3d at 279, n. 1. As such, the court will refer to Colon's request as pursuant to Rule 41(g).

**Item One: "Entry Vest Tactical"**

The defendant first seeks return of an "Entry Vest Tactical." The government contends that this vest has already been returned to its owner, as evidenced the police records of the Pennsylvania State Police, a document akin to a chain-of-custody record. (Doc. No. 95, Ex. B at 6). In fact,

the police records indicate that all vests seized by the state police or ATF during the execution of the warrant at issue in this case were signed for by and returned to Hefferon. Because the property record indicates that all vests were returned, the court will dismiss Colon's request for return of an "entry vest tactical."

## Item Two: "(2) Computer Modems WP-ZT"

The defendant next seeks to have his "(2) Computer Modems WP-ZT" returned. The government makes no reference to this item or other "computer modems" within the Pennsylvania State Police property record. The government has demonstrated to the court, through their submission of the signed property record, that such items were never seized. Therefore, the defendant's claim fails.

## Item Three: Photos and Personal Photos

The defendant also seeks to have his "photos," "5 photos," and "10 personal photos" returned. This description does not make it clear how many photos are sought. Moreover, it is difficult for the court to determine what constitutes "personal photos" without any additional description from the defendant. For the purposes of this motion, however, the court will assume that the defendant is requesting all photographs seized during the execution of the warrant.

The government contends that "fifteen various photographs" were

destroyed, according to the Pennsylvania State Police property record's disposition code. (Doc. No. 95, Ex. B at 5). The property record, (Doc. No. 95, Ex. B at 3), also indicates that "Two pictures from camera station, printouts" were destroyed. The property record reflects that the "fifteen various photographs" and "two pictures from camera station, printouts" were all of the defendant's photographs in the government's possession. Therefore, the court finds that the government is no longer required to return these items to the defendant. The defendant's claim fails.

**Item Four: Radios with Charger**

The defendant next seeks to have his "(4) Radios With Charger" returned. The government claims that it returned "(2) Black UAW Hand Held Radios With One Charger" and points to the Pennsylvania State Police property record as proof (Doc. No. 95, Ex. B at 7). In addition, (Doc. No. 95, Ex. B at 7) demonstrates that Hefferon accepted and received these items. Even though the defendant is seeking four radios, the property record indicates that only two radios and one charger were taken during the execution of the search warrant. As a result, the court can infer that the defendant properly received all of his property. The government cannot be held liable for property that was never taken, as evidenced by the property record. Therefore, the defendant's claim fails.

**Item Five: (1) Black Leather Gloves**

The defendant seeks return of his "(1) black gloves leather". The government makes no reference to the item within the Pennsylvania State Police property record. The government has demonstrated to the court, through its submission of the signed property record, that such property was never seized. Therefore, the court finds that the government did not confiscate the plaintiff's property during the search warrant. The defendant's claim fails.

**Item Six: (4) Flash Drives**

The defendant seeks return of his "(4) flash drives." The government contends that the Pennsylvania State Police property record indicates that "(1) USB Black Sandisk Flash Drive" and "(1) USB Orange Attache Flash Drive" were released to owner/finder. (Doc. No. 95, Ex. B at 5). In addition, Hefferon accepted and received these items. (Doc. No. 95, Ex. B at 7). Despite the defendant's claim for four flash drives, the property record indicates that only two flash drives were taken. Therefore, the court finds that the government properly returned all of the defendant's property. The defendant's claim fails.

**Item Seven: HP Laptop Computer**

The defendant seeks recovery of his "HP laptop computer." The government contends that the Pennsylvania State Police property record

indicates that this item was released to the owner/finder, according to the disposition code. (Doc. No. 95, Ex. B at 6). The property record described the item as a "(1)Black HP Lap Top Computer Serial # CNF7081X2K". In addition, "(1) Silver HP Computer Tower Serial #MKM40201KF and (1) Black 2T Computer Tower Serial #202360210474" were also released to the owner/finder. (Doc. No. 95, Ex. B at 6).

The court finds that the government returned the defendant's property. In addition, Hefferon accepted, received, and signed for the items. (Doc. No. 95, Ex. B at 7). For these reasons, the defendant's claim fails.

**Item Eight: (3) Shoulder Holsters**

The defendant seeks to have "(3) shoulder holsters" returned. The government contends that the Pennsylvania State Police property record indicates that "(9) Nylon Black Holsters" were released to the owner/finder, according to the disposition. (Doc. No. 95, Ex. B at 5). In addition, Hefferon accepted, received, and signed for these items. (Doc. No. 95, Ex. B at 7).

Although the property record did not describe the holsters precisely as "shoulder holsters," the court is able to infer that the government properly returned these items, given the similarity in description. The government will not be required to return items that were already released. The defendant's claim fails.

**Item Nine: Numerous Business Cards**

The defendant seeks the return of "numerous business cards." The government has demonstrated to the court, through its submission of the signed property record, that such property was never seized. There is also nothing on the property record to suggest that any seized item could fall within the meaning of "numerous business cards." Therefore, the court finds that the government did not confiscate business cards during the execution of the search warrant. The defendant's claim fails.

**Item Ten: Magazines**

The defendant seeks the return of his "Magazines." The Property Status Summary Report describes how certain magazines were seized administratively. (Doc. No. 95, Ex. C at 4). The report indicates that "Two Taurus Magazines (One Containing Ten Rounds of 9MM Ammunition; One Containing Twelve Rounds of 9MM Ammunition" and "Two Springfield XD Magazines Each Containing An Apparent Twelve Rounds of .40 Caliber Hornady Hollow" were received by ATF and administratively seized. (Doc. No. 95 at 3). ATF has represented to government counsel that these items have since been destroyed. (Doc. No. 95 at 3-4).

The court finds that all "magazines" within the meaning of the defendant's claim were seized by the ATF and have since been destroyed. Therefore, the defendant is not entitled to this property.

**Item eleven: Book of Firearms Laws**

The defendant seeks return of his "Book of Firearms Laws." The government makes no reference to the item within the Pennsylvania State Police property record. The government has demonstrated to the court, through its submission of the signed property record, that such property was never seized. Therefore, the court finds that the government did not confiscate this property. The defendant's claim fails.

**Item twelve: Special Forces Pin on Vest**

The defendant seeks the return of "(1) Special Forces Pin On Vest." While the police record does not reflect that any such item was seized, it does show that "(2) Security Enforcement Badges" were seized and destroyed. (Doc. No. 95, Ex. B at 5). Either the defendant seeks the return of an item which was never seized, or he seeks return of badges which were destroyed. In either case, plaintiff's claim must fail, as the government has demonstrated that it cannot return the property in question.

**Item thirteen: Misc. Paperwork**

The defendant seeks the return of "Misc. Paperwork." The government states that "(1) Package with Misc. Paperwork for Wargods Inc." was destroyed, according to the disposition of the Pennsylvania State Police property record. (Doc. No. 95, Ex. B at 5). The property record does not reflect that any other paperwork was seized, and so the court is satisfied that

the package destroyed was in fact the same "Misc. Paperwork" now requested. Therefore, the court finds that the government no longer has access to the requested paperwork and is no longer required to return these items to the defendant. The defendant's claim fails.

**Conclusion**

The defendant filed a motion for return of property seeking the return of multiple items of property. Although the defendant offers only vague descriptions of the property sought, the Pennsylvania State Police property record and ATF Property Status Summary Report submitted by the government adequately, and in many instances more precisely, describe the seized property. These records demonstrate that there was no wrongful withholding of defendant's property. The court finds that the defendant's motion fails for all of the property which he seeks. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 23, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2009 CRIMINAL MEMORANDA\09-0005-01.wpd